|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | |
| LEON OLSHEVER, an individual and HOLLY OLSHEVER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIMORTGAGE, INC., a corporation, VERDUGO TRUSTEE SERVICE CORPORATION, a corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc., et al.,<br><br>Defendants. | Case No. 2:09-cv-05901-FMC-JEMx<br><br>ORDER GRANTING DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS COMPLAINT |

The matter is before the court on Defendant CitiMortgage, Inc.'s ("Defendant" or "Citi") "Motion to Dismiss Plaintiff's Complaint or in the Alternative Require a More Definite Statement" (docket no. 7) (the "Motion"), filed on September 16, 2009. The court deems the matter appropriate for decision without oral argument. *See* FED. R. CIV. P. 78; Local Rule 7-15. The hearing scheduled for November 30, 2009 is removed from the court's calendar.  For the reasons and in the manner set forth below, the court GRANTS Defendant's Motion to dismiss Defendant OneWest WITHOUT PREJUDICE.

1  **I.  FACTUAL AND PROCEDURAL HISTORY:**

2      This is a mortgage violation-related lawsuit filed in Los Angeles Superior
3  Court on July 27, 2009.  The Complaint alleges claims for relief for: 1) "Declaratory
4  Order," with reference to alleged violations of the Truth in Lending Act (15 U.S.C.
5  Section 1601 et seq.); 2) injunction; 3) breach of fiduciary duty; 4) fraud; 5) elder
6  abuse; 6) intentional infliction of emotional distress; 7) and negligence.

7      Defendant removed this action to this Court on August 12, 2009.  On August
8  18, 2009 the parties stipulated that Defendant could have until September 16, 2009
9  to respond to the complaint.  On September 16, 2009 Defendant filed the pending
10 motion to dismiss, setting it for hearing on October 26, 2009.  However, on October
11 8, 2009 the parties stipulated to continue the hearing until November 30, 2009, and
12 the order pertaining to this stipulation was entered by the Court on October 13, 2009.
13 Pursuant to the stipulation, an Opposition brief was due by November 9, 2009, and
14 a Reply was due by November 16, 2009.

15     On November 10, 2009 Plaintiffs attempted to file an Opposition, but this was
16 rejected by the Court because the case is designated for electronic filing under
17 General Order 08-02, whereas Plaintiffs had attempted to file manually.  Plaintiffs
18 have made no subsequent attempts to file their Opposition electronically.  On
19 November 16, 2009 Defendant filed a Reply / Notice of Non-Opposition.

20 **II.    DISCUSSION:**

21     The court dismisses Plaintiffs' Complaint, without prejudice to Plaintiffs'
22 ability to file a First Amended Complaint, because of Plaintiffs' failure to oppose the
23 Motion.

24     Pursuant to Local Rule 7-12, "[t]he failure to file any required paper, or the
25 failure to file it within the deadline, may be deemed consent to the granting or denial
26 of the motion."  A district court's dismissal pursuant to its local rules is reviewed for
27 abuse of discretion.  *United States v. Warren*, 601 F.2d 471, 474 (9th Cir.1979)
28 (finding, too, that failure to follow a district court's local rules is a proper ground for

1  dismissal, and upholding a comparable Arizona District Court rule). Additionally,
2  "[b]efore dismissing the action, the district court is required to weigh several factors:
3  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need
4  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
5  favoring disposition of cases of their merits; and (5) the availability of less drastic
6  sanctions.'" *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (*quoting Henderson
7  v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Plaintiffs have failed to file an Opposition. While Plaintiffs attempted to file an Opposition manually on November 10, 2009, this was rejected because the manual filing of pleadings within this case does not conform with a General Order of this District. No future attempts have been made to file an Opposition by any means. Thus, the Court finds Plaintiffs have consented to the granting of Defendant's currently pending Motion to Dismiss. The first three *Ghazali* factors, particularly the third, weigh strongly in favor of dismissal, while the fourth and fifth weigh against dismissing with prejudice. Thus, the court will dismiss Plaintiffs' Complaint without prejudice.

### III. CONCLUSION:

Thus, the Court hereby **GRANTS** Defendant CitiMortgage, Inc's Motion to Dismiss (docket no. 7). The Complaint is **DISMISSED**. Plaintiffs are given thirty (30) days from the date of this Order to file an amended complaint. Failure to amend could result in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: November 19, 2009

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT